JOSEPH E. CARTIER *vs.* WALKER ICE COMPANY.

Worcester.   October 4, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Contributory.

</div>

An employee of an ice company, managing the switch of an ice run so carelessly
    that it is struck and broken by a block of ice and injures him by coming against
    . his ankle, cannot recover from his employer for the injuries.

TORT for personal injuries from being struck by a switch,
alleged to have been fastened insufficiently, while employed in
switching ice on a run connected with an ice house of the defend-
ant at North Pond in Worcester.   Writ dated February 7, 1903.

At the trial in the Superior Court before *Gaskill,* J., it ap-
peared, that the plaintiff was employed by the defendant on the
day of the accident, and, after working a short time upon the
ice in the pond, was directed to tend a certain switch which,
according to the way it was turned, either sent the ice directly
into the ice house or allowed it to go down the run; that the
plaintiff had worked at this particular switch in four or five pre-
vious years while the defendant was harvesting ice; that the
cakes of ice weighed about two hundred pounds each; that the
plaintiff, having been at the switch about half an hour and hav-
ing sent about six cakes directly into the house, intended to allow
the next one to go past him and down the run, and with that in-

tention pulled the switch toward him, and had drawn it as far as the middle of the run, when it was struck by a cake of ice with such force that the nut which held the switch came off the bolt and the switch itself came off, striking the plaintiff on the ankle and causing the injuries.

At the close of the plaintiff's evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. I. McLoughlin, J. A. Thayer & C. B. Perry*, for the plaintiff.

*W. Thayer, H. W. Cobb & F. A. Walker*, for the defendant.

HAMMOND, J. The direction to the jury to return a verdict for the defendant was right. Without reciting the evidence in detail, it is plain that the carelessness of the plaintiff in the management of the switch was the cause of the accident, and the jury would not have been warranted in finding otherwise.

*Exceptions overruled.*